## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## CASE NO. 16-1535

IN RE:

### DIANA KAYE GENTRY

BANK. NO. 09-36472

Debtor,

_____ \

**MICHAEL A. MASON, Trustee; BARBARA DUGGAN, State Court Creditor**

Appellants

v.

ADV. NO. 12-03340

ED MI NO. 15-11531

**DIANA KAYE GENTRY**

Appellee

_____ \

## BRIEF OF APPELLANTS MICHAEL E. MASON, TRUSTEE
## AND
## BARBARA DUGGAN, STATE COURT CREDITOR

## ORAL ARGUMENT NOT REQUESTED

**TINDALL LAW**
Attorneys for Plaintiffs
**BY: MICHAEL E. TINDALL P29090**
**P.O. BOX 46564**
**MOUNT CLEMENS, MI 48046**
**(248) 250-8819**
Direct Email: met@comcast.net

**TINDALL LAW**
ATTORNEYS AND COUNSELLORS AT LAW

1

# TABLE OF CONTENTS

TABLE OF CONTENTS...............................................................2

TABLE OF AUTHORITIES .....................................................4

STATEMENT OF JURISDICTION .........................................7

STATEMENT OF ISSUES .......................................................9

STATEMENT OF THE CASE .................................................10

STATEMENT OF FACTS .......................................................15

ARGUMENT ...........................................................................17

I.    THE DISTRICT COURT ERRED, AS A MATTER OF LAW, BY
**DISMISSING AN APPEAL** BY ORDER "*DENYING LEAVE TO
APPEAL*", **AFTER** LEAVE TO APPEAL HAD ALREADY
BEEN GRANTED AND APPELLATE JURISDICTION
ATTACHED; AND, **AFTER** THE APPEAL HAD BEEN FULLY
PERFECTED AND BRIEFED, AS ORDERED BY THE
DISTRICT COURT; AND, **WITHOUT NOTICE OR
HEARING**, THEREBY DENYING APPELLANTS DUE
PROCESS...............................................................17

A. STANDARD OF REVIEW.......................................17

B. LEAVE TO APPEAL WAS GRANTED JUNE 30, 2015 ...17

C. THE NEWLY ASSIGNED DISTRICT JUDGE HAD NO
JURISDICTION TO REVISIT/RECONSIDER THE JUNE 30,
2015 ORDER AND, THEREFORE, THE AUGUST 28, 2015
ORDER IS VOID................................................20

D. THE DISTRICT COURT FAILED TO FOLLOW ITS OWN
LOCAL RULE, THEREBY DENYING APPELLANTS DUE
PROCESS.......................................................21

II.    SUMMARY JUDGMENT REVOKING GENTRY'S
DISCHARGE SHOULD HAVE BEEN GRANTED, BY THE

BANKRUPTCY COURT, **AS A MATTER OF LAW**, WHERE
GENTRY ADMITTED, ON THE RECORD IN OPEN COURT

&ast; **ACTS OF FEDERAL BANKRUPTCY FRAUD**, BY
HERSELF AND HER ACCOMPLICE WYMAN

&ast; **FRAUDULENT INTENT** TO DEFRAUD THE
BANKRUPTCY ESTATE BY CONVERTING "PROFIT" ON
ESTATE ASSETS FROM THE TRUSTEE/ESTATE TO
HERSELF AND HER ACCOMPLICE WYMAN

&ast; GENTRY **FAILED TO CONTEST HER RECORD
ADMISSIONS,** OR, **SUBMIT <u>ANY</u> EVIDENCE** OF A
GENUINE DISPUTE OF MATERIAL FACT FOR TRIAL,
AS REQUIRED BY FRCP 56(c)................................22

    A. STANDARD OF REVIEW...........................23
        1. ON APPEAL.....................................23
        2. SUMMARY JUDGMENT STANDARD....23
            a. Movant's burden........................24
            b. Non-movant's burden..................25
        3. SEC. 727 STANDARD TO REVOKE
           DISCHARGE ...................................26

    B. GENTRY'S ADMISSIONS:...........................27
        1.FRAUDULENT TRANSFER OF ASSETS IS
        "**ACTUAL FRAUD**". ..............................29
        2. FRAUD ON THE BANKRUPTCY COURT...30
        3.FRAUD ON BANKRUPTCY ESTATE;
        EQUITABLE FORFIETURE....................31
    C. FRCP 56(c) ...........................................36

**CONCLUSION AND RELIEF REQUESTED** .........................38

**CERTIFICATE OF COMPLIANCE** .........................................39

**PROOF OF SERVICE** ...........................................................39

**ADDENDUM** ....................................................................40

# TABLE OF AUTHORITIES

## STATUTES:

*11 USC 521* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....13
*11 USC 542* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....13
*11 USC 727* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....8,10,26,29,36
*18 USC 152* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....12
*18 USC 157* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....13
*28 USC 157* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....8,
*28 USC 158* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....8,20
*28 USC 1334* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....8
*MCL 566.38(2)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....10

## COURT RULES

*Fed R. Bank 7056* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...13,23
*Fed R. Bank 8015* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...19
*FRCP 56(c)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...1326,36

*ED MI LR 41.2* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...21

## FEDERAL CASES:

*Alexander v. CareSource, 576 F.3d 551 (6th Cir. 2009)* ... ... ... ... ... ... ... ... ... ...26
*American Title Ins. Co. v. Lacelaw Corp 861 F.2d 224(9th Cir. 1988)* ... ... ... ... ... ...27
*Am. Soc. Of Mech. Eng., Inc. v. Hydrolevel Corp., 466 US 556 (1982)* ... ... ... ... ... ...29
*Arnold v. G.E. Capital Auto Lease, Inc., 63 F. App'x 188 (6th Cir. 2003)* ... ... ... ... ...19
*Bailey v. Floyd County Bd. of Educ., 106 F.3d 135 (6th Cir. 1997)* ... ... ... ... ... ... ...25
*Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815 (Ky. 2000)* ... ... ... ... ... ...28
*Bender v. Southland Corp., 749 F.2d 1205 (6th Cir. 1984)* ... ... ... ... ... ... ... ... ...24
*Ben-Baruch v. Island Props. (In re Ben-Baruch), 362 B.R. 565 (E.D.N.Y. 2007* ... ... ...17
*Binay v. Bettendorf, 601 F.3d 640 (6th Cir. 2010)* ... ... ... ... ... ... ... ... ... ... ...24
*Black v. Romano, 471 US 606 (1985)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...22
*Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304 (6th Cir.1989)* ... ...23
*Bradshaw v. U.S. (In re Bradshaw), 283 B.R. 814 (1st Cir. BAP 2002)* ... ... ... ... ...9
*Butner v. United States, 440 U.S. 48 (1979)* ... ... ... ... ... ... ... ... ... ... ... ... ...32
*Carter v. City of Wyoming, 294 F. App'x 990 (6th Cir. 2008)* ... ... ... ... ... ... ... ...38
*Celotex Corp. v Catrett, 477 US 317 (1986)* ... ... ... ... ... ... ... ... ... ... ... ...26,37
*Chicago Assoc. of Commerce and Indus. v. E.P.A., 873 F.2d 1025 (7th Cir.1989)* ... ...37
*Coble v. City of White House, Tenn., 634 F.3d 865 (6th Cir. 2011)* ... ... ... ... ... ...37
*Discount Tobacco City & Lottery, Inc. v. US, 674 F. 3d 509 (6th Cir 2012)* ... ... ... ...23
*Drown v. Nat'l City Bank (In re Ingersoll), 420 B.R. 414 (6th Cir. BAP 2009)* ... ... ...23
*Dixie Sand & Gravel Corp. v. Holland, 255 F.2d 304 (6th Cir. 1958)* ... ... ... ... ...28
*Ensign v. Pennsylvania, 227 U.S. 592, 33 S.Ct. 321, 57 L.Ed. 658 (1913)* ... ... ... ...27
*Feliciano v. City of Cleveland, 988 F.2d 649 (6th Cir. 1993)* ... ... ... ... ... ... ... ...24
*Fiffy v. Nickless (In re Fiffy), 293 B.R. 550 (1st Cir. BAP 2003)* ... ... ... ... ... ... ...9

*First National Bank of Arizona v Cities Services Co., 391 US 253 (1968)*............25,27

*Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)*.... ... ... ... ...*18*

*Hedberg v Indiana Bell Telephone Co., 47 F3d 928 (7th Cir 1995)*... ... ... ... ... ...*36,38*

*Heritage Bank & Trust Co. v. Abnor, 906 F.2d 292 (7th Cir 1990)*... ... ... ... ... ... ...*33*

*Hunter v. Ferris (In re Ferris), 30 B.R. 746 (Bankr.N.D.Ohio 1983)*... ... ... ... ... ... ...*35*

*Husky Int. Elec. Inc. v. Ritz, __ US __; 136 S. Ct. 1581 (2016)*... ... ... ... ... ... ... ... ...*30*

*In re Barman, 244 BR 896 (2000)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*10*

*IN RE BLI FARMS, PARTNERSHIP, 465 F. 3d 654 (6th Cir 2006)*... ... ... ... ... ... ...*17,20*

*In re Caldwell, 851 F.2d 852 (6th Cir.1988)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*18*

*In re Cyberco Holdings, Inc., 734 F. 3d 432 (6th Cir 2013)*... ... ... ... ... ... ... ... ... ... ...*8*

*In re Gurley, 357 B.R. 868 (Bankr.M.D.Fla.2006)*... ... ... ... ... ... ... ... ... ... ... ... ... ...*35*

*In re Jartran, Inc., 886 F. 2d 859 (7th Cir 1989)* ... ... ... ... ... ... ... ... ... ... ... ... ... ...*18*

*In re Juzwiak, 89 F.3d 424 (7th Cir.1996)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*27*

*In re Lefkas Gen. Partners, 153 B.R. 804 (N.D. Ill. 1993)* ... ... ... ... ... ... ... ... ... ...*27*

*In re Lennys Copy Center & More LLC, 515 BR 562 (ED MI 2014)*... ... ... ... ... ... ...*31*

*In re MET-L-WOOD, Corp, 861 F.2d 1012 (1988)*... ... ... ... ... ... ... ... ... ... ... ... ... ...*34*

*In re RCS Engineered Products Co., Inc., 102 F.3d 223(6th Cir 1996)*... ... ... ... ... ...*32*

*In re San Miguel Sandoval, 327 B.R. 493 (1st Cir. BAP 2005)*... ... ... ... ... ... ... ... ...*8*

*In re Steffen, 464 BR 450 (2012)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*35*

*In re Winner Corp., 632 F. 2d 658 (6th Cir 1980)* **................................................8**

*InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111(6th Cir.1989)*... ... ... ... ... ... ...*25*

*Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506 (6th Cir.2001)*... ... ... ... ... ... ...*17*

*Keller v. United States, 58 F.3d 1194 (7th Cir. 1995)*... ... ... ... ... ... ... ... ... ... ... ... ...*27*

*Lutwak v United States, 344 US 604;73 S Ct 481; 97 L Ed 593 (1953), reh den*

*345 US 919; 73 S Ct 726; 97 L Ed 1352 1953)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*29*

*Marvin v. City of Taylor, 509 F. 3d 234 (6th Cir 2007)*... ... ... ... ... ... ... ... ... ... ... ...*23*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)*... ... ... ... ...*35,36*

*Matter of Forty-Eight Insulations, Inc., 115 F. 3d 1294 (7th Cir 1997)*... ... ... ... ... ...*18*

*McLean v. 988011 Ontario, Ltd., 224 F.3d 797 (6th Cir. 2000)*... ... ... ... ... ... ... ... ...*22*

*McMullen v. Meijer, Inc., 355 F.3d 485 (6th Cir. 2004)*... ... ... ... ... ... ... ... ... ... ... ...*23*

*Miller v. Miller (In re Miller),246 B.R. 559 (Bankr.E.D.Tenn.2000)*... ... ... ... ... ... ...*27*

*Mitan v. Buscemi's Int'l, Inc. (In re Buscemi's Int'l, Inc.), 64 F. App'x 910*

*(6th Cir.2003)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*19*

*Moldowan v. City of Warren, 578 F.3d 351 (6th Cir. 2009)*... ... ... ... ... ... ... ... ... ...*25*

*Morrison v. Board of Trustees of Green Township, 583 F. 3d 394 (6th Cir 2009)*.....*25*

*Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974)*... ... ... ...*22*

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Arioli, 941 F. Supp. 646 (E.D. Mich.*

*1996)* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*27*

*Paloian v. Greenfield (In re Rest. Dev. Grp., Inc.), 402 B.R. 282 (BC N.D.Ill.2009)*...*31*

*Pereira v. Allboro Bldg. Maint., Inc. (In re Allboro Waterproofing Corp.),*

*224 B.R. 286 (BC E.D.N.Y.1998).* ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*31*

*Phelps v. Coy 286 F.3d 295, 298 (6th Cir.2002)*... ... ... ... ... ... ... ... ... ... ... ... ... ...*23*

*Rabbers v. Commissioner Social Sec. Admin., 582 F. 3d 647( 6th Cir 2009)*... ... ...*22*

*Scott v. Harris, 550 US 372, 127 S. Ct. 1769 (2007)*... ... ... ... ... ... ... ... ... ... ... ... ...*37*

*Schwartz v. Kujawa (In re Kujawa), 323 F.3d 628 (8th Cir.2003)*... ... ... ... ... ... ... ...*8*

*Service v. Dulles, 354 U. S. 363 (1957)*... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...*22*

*Shreve v. Jessamine Cnty. Fiscal Ct.*, 453 F.3d 681 (6th Cir. 2006)...........................38
*Simon v. Pfizer Inc.*, 398 **F.3d** 765 (6th Cir.2005)..............................................17
*Thomas v. Arn*, 474 US 140 (1985).............................................................18
*Toffel v. Silmon (In re Silmon)*, 06-00176-BGC, 2007 WL. 2712083,
(Bankr.N.D.Ala. Sept. 14, 2007)...............................................................31
*United States ex rel. Accardi v. Shaughnessy*, 347 U. S. 260 (1954) ...................22
*United States v. Burns*, 109 F. App'x 52, (6th Cir. 2004) .................................27
*United Steelworkers v. Cooper Tire & Rubber Co.*, 474 F.3d 271 (**6th Cir**. 2007)...23
*United States v. Cravero*, 530 F.2d 666 (5th Cir. 1976) .................................27
*United States v. Margiotta*, 662 F.2d 131(2nd Cir.1981), cert. denied,
461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983)....................................28
*United States v. McKeon*, 738 F.2d 26 (2nd Cir.1984)....................................28
*Vitarelli v. Seaton*, 359 U. S. 535 (1959)....................................................22
*Wilson v. Commissioner of Social Sec.*, 378 F. 3d 541 (6th Cir 2004)..................22
*White v. Baxter Healthcare Corp.*, 533 F.3d 381 (**6th Cir**. 2008)....................24
*Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1996)........................28

## MICHIGAN CASES:

*A. Gray Jenson Farms Co. v. Cargill, Inc.*, 309 NW2d 285 (1981)......................33
*Carson Fischer, PLC v Std Fed Bank*, unpublished opinion per curium of the Court of
Appeals, issued February 8, 2005 (Docket No. 248125) rev'd in part on other grounds
475 Mich 851; 713 NW2d 265 (2006)..........................................................33
*Amco Builders & Developers, Inc. v. Team Ace Joint Venture*, 666 NW 2d 623 (Mich:
Supreme Ct. 2003)..............................................................................29
*Cent. Cart. v. Fewless*, 232 Mich App 517 (1988) ......................................32
*Connor v. Lake Shore & M.S.R. Co.* 168 Mich 29 (1911)..............................28
*Echelon Homes, LLC v Carter Lumber Co*, 261 Mich App 424; 683 NW2d 171
(2004), rev'd in part on other grounds 472 Mich 192 (2005) ..........................33
*Horwath v. Langell*, 276 Mich 381 (1936).................................................32
*In re Runco*, 463 Mich 517 (2001) ........................................................32
*Leadon v. Detroit Lumber Company* 340 Mich 74 (1954)................................28
*Levitt v. Kacy Mfg. Co.*, 142 Mich.App. 603,370 N.W.2d 4 (1985)....................29
*LA Young Spring & Wire Corp v Falls*, 307 Mich 69;11 NW2d 329 (1943).........33
*MacArthur v. Miltich*, 110 Mich.App. 389; 313 N.W.2d 297 (1981)...................21
*Matley v.Matley (On Remand)*, 242 Mich.App. 100; 617 437 N.W.2d 718 (2000).30
*M&D, Inc v W.B. McConkey*, 231 Mich App 22; 585 NW2d 33 (1998)..............30
*McTaggart v. Lindsey*, 202 Mich. App. 612; 509 N.W.2d 881(1993)..................32
*People v Pitcher*, 15 Mich 397, 403-404 (1867).........................................29
*People v. Stewart*, 397 Mich. 1, 242 NW 2d 760 (1976)................................29
*Prentis Fain. Found. v. Karmanos Cancer Inst.*, 266 Mich App 39 (2005)..........32
*Prod. Fin. Corp. v. Shields*, 158 Mich App 479 (1987)................................32
*Regan v. Carrigan*, 194 Mich App 35 (1992) ...........................................10
*Steinway v. Bolden*, 185 Mich.App. 234;460 N.W.2d 306 (1990))...................32
*Tingley v. WARDROP II*, 266 Mich. App. 233;731 NW 2d 427 (2005)..............30
*Tozer v. Kerr* 342 Mich 136 (1955).......................................................28

*Williams v Williams, 214 Mich App 391;542 NW2d 892 (1995)*.....................30
*William v. Griffin, 35 Mich App 179 (1971)*....................................................*33*

## *SECONDARY AUTHORITIES*

*4 Collier on Bankruptcy § 521.01 (Alan N. Resnick & Henry J. Sommer et al.*
*eds., 15th ed. Rev.2008)*...............................................................................*31*
*RESTATEMENT AGENCY (SECOND) Sec. 140*............................................*33*
*10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 2722m*
*pp. 375-376 (1998)* ......................................................................................*27*

## STATEMENT OF JURISDICTION

A. **Bankruptcy Court**: The Complaint to revoke GENTRY'S Discharge
was within the Bankruptcy Court's jurisdiction pursuant to *28 USC
1334, 11 USC 727*, and, *28 USC 157(b)(1)*.  It was a core proceeding
under *28 USC 157(b)(2)(A), (I)* and *(J)*.

B. **District Court**: The Orders appealed from, DC RE 11, entered
August 28, 2015, purporting to *DENY LEAVE TO APPEAL*, but-in
fact- DISMISSING AN APPEAL[1] *FOR WHICH LEAVE HAD
ALREADY BEEN GRANTED* [DC RE 6] *AND WHICH HAD BEEN
FULLY BRIEFED*; and, DC RE 13, entered March 28, 2016,
DENYING RECONSIDERATION[2] are final orders subject to appeal
under *28 USC 158(d)(1)*.

---

[1] *In re Winner Corp., 632 F. 2d 658, 659 (6th Cir 1980)* **(Third National
Bank appeals from the District Court's denial of the bank's motion to
reconsider an order dismissing the bank's appeal in bankruptcy);** *In re
Cyberco Holdings, Inc., 734 F. 3d 432 (6th Cir 2013)(***whether the order of
the Bankruptcy Appellate Panel (BAP) dismissing Huntington Bank's
notice of appeal and denying its motion for permission to appeal is a
final, appealable order. We conclude that it is…. It fully resolved the
appellate proceedings by deciding the jurisdictional question and left
nothing for the bankruptcy court to do);** *Schwartz v. Kujawa (In re
Kujawa), 323 F.3d 628, 629 (8th Cir.2003)* **(explaining that BAP's order
dismissing an appeal on the ground that the underlying bankruptcy
court's order was not a final order was final and appealable because
"[i]t completely disposed of all matters pending before the Panel").**
[2] Order denying reconsideration is "final" **appealable order** if underlying
order was final **appealable order**). *In re San Miguel Sandoval, 327 B.R.*

## STATEMENT OF ISSUES

1. WHETHER THE DISTRICT COURT ERRED, AS A MATTER OF LAW, BY **DISMISSING AN APPEAL** BY ORDER "*DENYING LEAVE TO APPEAL*", **AFTER** LEAVE TO APPEAL HAD ALREADY BEEN GRANTED AND APPELLATE JURISDICTION ATTACHED; AND, **AFTER** THE APPEAL HAD BEEN FULLY PERFECTED AND BRIEFED, AS ORDERED BY THE DISTRICT COURT; AND, **WITHOUT NOTICE OR HEARING**, THEREBY DENYING APPELLANTS DUE PROCESS.

2. WHETHER SUMMARY JUDGMENT REVOKING GENTRY'S DISCHARGE SHOULD HAVE BEEN GRANTED, BY THE BANKRUPTCY COURT, **AS A MATTER OF LAW**, WHERE GENTRY ADMITTED, ON THE RECORD IN OPEN COURT:

   A. **ACTS OF FEDERAL BANKRUPTCY FRAUD**, BY HERSELF AND HER ACCOMPLICE WYMAN;

   B. **FRAUDULENT INTENT** TO DEFRAUD HER OWN BANKRUPTCY ESTATE BY CONVERTING "PROFIT" ON ESTATE ASSETS FROM THE TRUSTEE/ESTATE TO HERSELF AND HER ACCOMPLICE WYMAN; AND,

   C. GENTRY **FAILED TO CONTEST HER RECORD ADMISSIONS,** OR, **SUBMIT ANY EVIDENCE** OF A GENUINE DISPUTE OF MATERIAL FACT FOR TRIAL, AS REQUIRED BY FRCP 56(c).

---

*493, 505 (1st Cir. BAP 2005) Fiffy v. Nickless (In re Fiffy), 293 B.R. 550, 553 (1st Cir. BAP 2003).Bradshaw v. U.S. (In re Bradshaw), 283 B.R. 814, 817 (1st Cir. BAP 2002).*

## STATEMENT OF THE CASE

Appellants, Trustee of the Bankruptcy Estate of GENTRY'S ex-

husband [CHRISTOPHER D. WYMAN ("WYMAN")][3], and, WYMAN

State Court Creditor BARBARA DUGGAN[4], brought a timely Complaint

against Debtor Gentry ("GENTRY") to revoke discharge, under *11 USC*

*727*, based on numerous allegations of bankruptcy fraud and fraudulent

conveyances of assets between GENTRY and WYMAN.[5] On February 10,

2015, by opening statement on the first day of trial in related Case Nos. 12-

03347 and 14-03017 [combined], GENTRY's bankruptcy counsel of record

[in all cases] admitted in open court on the record:

---

[3] Michael A. Mason was the originally appointed Trustee of the WYMAN Bankruptcy Estate, and, was subsequently replaced, following retirement, by Samuel Sweet.

[4] As Trustee of the WYMAN Bankruptcy Estate, seeking to recover fraudulent transfers by WYMAN to GENTRY, Trustee Mason was a "**creditor**" with standing to seek to revoke GENTRY'S discharge. *In re Barman, 244 BR 896, 899 (2000).* As a State Court Creditor of WYMAN seeking a money judgment against GENTRY, as fraudulent transferee under MUFTA – made applicable by *11 USC 544*, Duggan was a "**creditor**" with standing to seek to revoke GENTRY's discharge. *MCL 566.38(2)(***a direct money Judgment against a fraudulent transferee);***Regan v. Carrigan, 194 Mich App 35 (1992) (Creditor may **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction)**

[5] Related Adversaries against GENTRY include: Case Nos. 12-03347 and 14-03017 [combined] to recover preferential and fraudulent transfers, for Equitable Forfeiture, and, this action to Revoke Discharge. Related Adversaries to recover fraudulent and preferential transfers made by WYMAN include: Case Nos. 12-03347, 12-03348; and Case No. 12-03341 to deny WYMAN'S discharge.

A. That the transaction complained of in Counts 1 and II of Case No. 12-03347, and, in Case No. 14-03017, involving the Hughes Rd. Vacant Land, by WYMAN and GENTRY, was a fraudulent transfer, precipitated by WYMAN and GENTRY.

"Speaking with my client, **we're satisfied the transfer of 227 Hughes Rd. was a fraudulent conveyance**. What occurred was **Mr. WYMAN and Ms. Gentry decided <u>they were going to make some money off some land</u>**. There were – let's talk about the straw buyer and everything else – the bottom line is **they thought <u>they could make some money and put it in his name</u>** so that he could get loans – she couldn't. The [uhm] property wouldn't perk and so Mr. WYMAN thought there's nothing they could do about this to make this work and transferred it back to her and then – might as well have been within hours – he filed bankruptcy … so **that was a fraudulent transfer – there's not anything I can say…"** <u>Audio 1:06:00-1:07:10; RE 21, TRANS 2/10/15, PP48, LL 14-25; 49, LL 1-8.</u>

B. That their purpose/intent was fraudulent; "making money" for themselves from the property converted from GENTRY'S Bankruptcy Estate.

C. That WYMAN and GENTRY intentionally removed equipment owned – then – by the WYMAN Bankruptcy Estate from WYMAN's residence [another fraudulent conveyance by WYMAN in Case No. 12-03348] to obstruct seizure by counsel for Trustee Mason.[6]

"MR. PONSETTO: Did I also tell you why a bunch of this stuff was moved away from a house that Mr. Tindall was in the process of seizing and **<u>trying to seize other things</u>**?

---

[6] The subject construction equipment was conveyed to Trustee Mason by WYMAN'S uncle, a Co-Defendant in another fraudulent conveyance action, Case No. 12-03348 [involving fraudulent conveyances of WYMAN'S residence, construction equipment and $109,000.00 cash], in settlement of claims against him.

MR. SWEET: Did you tell me why it was moved – uhm- I think you did mention **there was some moving of the equipment** <u>**so that Mr. Tindall would not take possession of the equipment**</u> – If I'm not mistaken – I guess is what you told me – <u>**they moved it from the house**</u> that Mr. Tindall was taking possession [of] to some other location." <u>**Audio 2/10/15, 1:25:26 – 1:26:15, 1:32:00 -1:34:00; RE 21, TRANS 2/10/15, P 63, LL 12-21.**</u>

These admissions by GENTRY[7] constituted admissions to Federal

Bankruptcy Fraud, under *18 USC 152;*[8] Federal Bankruptcy Fraud, under *18*

---

[7] GENTRY'S admissions also bound WYMAN, as she was WYMAN'S designated agent, by contract.

[8] "A person who— (1)**knowingly and fraudulently conceals from** a custodian, **trustee**, marshal, **or other officer of the court charged with the control or custody of property**, or, **in connection with a case under title 11, from creditors** or the United States Trustee, **any property belonging to the estate of a debtor; (2)knowingly and fraudulently makes a false oath** or account **in or in relation to any case under title 11; (3)knowingly and fraudulently makes a false declaration**, certificate, **verification, or statement under penalty of perjury** as permitted under section <u>1746</u> of title <u>28</u>, **in or in relation to any case under title 11; (4) knowingly and fraudulently presents any false claim** for proof against the estate of a debtor, or **uses any such claim in any case under title 11, in a personal capacity or as or through an agent**, proxy, or attorney; (5) **knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case** under title 11, **with intent to defeat the provisions of title 11; (6) knowingly and fraudulently** gives, offers, **receives, or attempts to obtain any money or property**, remuneration, **compensation**, reward, advantage, or promise thereof **for acting** or forbearing to act **in any case under title 11**; (7) **in a personal capacity** <u>or</u> as **an agent or officer of any person or corporation**, in contemplation of a case under title 11 **by** or against **the person or any other person** or corporation, **or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property** or the property of such other person or corporation; (8) **after the filing of a case under title 11** or in contemplation

*USC 157;*[9] *b*reach of fiduciary and statutory duty, by a debtor under *11 USC 521*;[10] and, conversion of estate property, under *11 USC 542(a).*[11]

---

thereof, **knowingly and fraudulently** conceals, destroys, mutilates, **falsifies**, or makes a false entry in **any recorded information** (including books, **documents**, records, and **papers) relating to the property** or financial affairs **of a debtor**; or (9) **after the filing of a case under title 11**, **knowingly and fraudulently withholds** from a custodian, **trustee**, marshal, **or other officer of the court** or a United States Trustee **entitled to its possession**, any **recorded information** (including books, documents, records, and papers) **relating to the property** or financial affairs **of a debtor.**

[9] "A person who, having **devised or intending to devise a scheme or artifice to defraud** and **for the purpose of executing or concealing such a scheme or artifice or attempting to do so**— (1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title; (2) **files a document in a proceeding under title 11**; or (3) **makes a false or fraudulent representation**, claim, or promise **concerning or in relation to a proceeding under title 11, at any time** before or **after the filing of the petition**, or in relation to a proceeding falsely asserted to be pending under such title.

[10] "(a) The debtor shall— (3) **if a trustee is serving in the case** or an auditor is serving under section 586 (f) of title 28, **cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title**; (4) **if a trustee is serving in the case** or an auditor is serving under section 586 (f) of title 28, **surrender to the trustee all property of the estate** and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;"

[11] "(a) Except as provided in subsection (c) or (d) of this section, **an entity**, other than a custodian, **in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title**, or that the debtor may exempt under section 522 of this title, **shall deliver to the trustee, and account for, such property or the value of such property**, unless such property is of inconsequential value or benefit to the estate."

Based on these admissions, Appellants moved for Summary Judgment to revoke GENTRY'S discharge in the Bankruptcy Court. RE 7-1 through 7-12. GENTRY responded. She did NOT dispute the subject admissions; and, she did NOT present ANY document(s), Affidavit(s), Exhibit(s) or other materials necessary to demonstrate a disputed issue of material fact under FRCP 56(c)(1)(A), made applicable by Fed R. Bank. 7056. Nevertheless, the Bankruptcy Court denied Summary Judgment. RE 22.

Appellants sought leave to appeal to the District Court. Leave was GRANTED on June 3, 2015. RE 6. In accordance with the District Court's Order, Appellants filed their Brief on Appeal July 17, 2015. RE 7. On August 5, 2015, the appeal was reassigned. RE 10. Thereafter, on August 28, 2015, the newly re-assigned District Judge entered an order, DC RE 11, DENYING leave to appeal that had already been GRANTED almost three (3) months before.[12] Appellants moved for reconsideration, pointing out to the new District Judge that appellate jurisdiction had already attached. RE 12. Reconsideration was denied March 28, 2016. RE 13. This appeal followed.

---

[12] NO notice was given that "reconsideration" of the prior order was being considered.

## STATEMENT OF FACTS

DIANNA GENTRY (hereinafter "GENTRY") is the Debtor in Case No. 09-36472. Her ex-husband, CHRISTOPHER D. WYMAN (hereinafter "WYMAN") is the Debtor in Case No. 12-32264 [Chapter 7] and was the Debtor in Case No. 08- 33171 [Chapter 13].

On August 4, 2011, GENTRY, through her wholly owned real estate company, LIVINGSTON REALTY, submitted an offer to purchase 227 HUGHES RD (hereinafter "Hughes Rd."), an asset of her own Bankruptcy Estate, to her own Bankruptcy Trustee, as WYMAN'S "**buyer's agent**", for approval by the Bankruptcy Court. DC RE 7-3. The offer affirmatively represented a "deposit" of $1000 had been made, and, was being held in GENTRY'S Michigan Realtor's Trust Account. DC RE 7-3, No. 3. No "deposit" was made or held. Compare, Comp. Ex. 3, PP 2,3,4, BC RE 1-4 to Comp. Ex. 2, P2, BC RE 1-3.  The offer also failed to disclose that:

(1) WYMAN was insolvent;

(2) The true purchaser was GENTRY; Comp. Ex. 4, P2, BC RE 1-5.

(3) WYMAN and GENTRY had/were conspiring to "make money" by fraudulently converting property of the Bankrupt Estate, and the profit therefrom, from the Bankrupt Estate and its creditors to themselves;

(4) GENTRY was violating her fiduciary duty to the Bankruptcy Estate and its creditors;

(5) WYMAN was conspiring with GENTRY to aid and abet her breach of fiduciary duty to her Bankrupt Estate and her creditors;

(6) The funds used for the purchase belonged to GENTRY, not to WYMAN, and were also assets of her Bankrupt Estate; Comp. Ex. 3. PP 3, 4, BC RE 1-4; and,

(7) GENTRY was receiving a fee, $300.00, for affecting the fraudulent sale of property **to herself**.

The Offer was approved by the Bankruptcy Court. On September 20, 2011, the sale of the property to WYMAN was completed, using funds supplied - by GENTRY - through her 100% owned and controlled Michigan corporation, GENTRY SALES, INC. Comp. Ex. 3, PP 3,4, BC RE 1-4.  On November 1, 2011 [recorded January 5, 2012], WYMAN conveyed Hughes Rd., by QUIT CLAIM DEED, to  GENTRY SALES, INC.[13] for no consideration.[14] GENTRY did not amend her Schedules to reflect this interest, despite her familiarity with the requirement to amend. BC RE 28.

---

[13] WYMAN subsequently filed his own Petition, under Chapter 7, on May 24, 2012, and did not disclose this transfer. BC Case No. 12-32264, RE 1, P32, No. 10.

[14] Although the deed recites consideration of $5,000.00, WYMAN admitted, in his 2004 examination by the Trustee, he received NO money and the recitation in the deed was an "error".

# ARGUMENT

I. THE DISTRICT COURT ERRED, AS A MATTER OF LAW, BY **DISMISSING AN APPEAL** BY ORDER "*DENYING LEAVE TO APPEAL*", **AFTER** LEAVE TO APPEAL HAD ALREADY BEEN GRANTED AND APPELLATE JURISDICTION ATTACHED; AND, **AFTER** THE APPEAL HAD BEEN FULLY PERFECTED AND BRIEFED, AS ORDERED BY THE DISTRICT COURT; AND, **WITHOUT NOTICE OR HEARING**, THEREBY DENYING APPELLANTS DUE PROCESS.

## A. STANDARD OF REVIEW

A district court's decision to dismiss for lack of subject-matter jurisdiction is reviewed de novo.[15] The district court's application of the rules of procedure is a question of law reviewed de novo.[16] The exclusive avenue for reconsideration of a district court's decision in a bankruptcy appeal is Rule 8015 [now 8022] of the Federal Rules of Bankruptcy Procedure.[17]

## B. LEAVE TO APPEAL WAS GRANTED JUNE 30, 2015

According to this Court:

"[i]t is important to bear in mind that when a district court acts as an appellate court, as it does when it reviews a bankruptcy

---

[15] *Simon v. Pfizer Inc.*, 398 **F.3d** 765, 772 (6th Cir.2005).

[16] *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir.2001).

[17] *IN RE BLI FARMS, PARTNERSHIP*, 465 F. 3d 654 (6th Cir 2006);*Ben-Baruch v. Island Props. (In re Ben-Baruch)*, 362 B.R. 565, 566-67 (E.D.N.Y. 2007) (**Federal Rules 59 and 60 only apply to judgments or orders of a bankruptcy court.**)

proceeding, the district court is subject to the same limitations which are imposed upon any appellate tribunal."[18]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure <u>for decisions on the merits to be avoided on the basis of ... mere technicalities</u>."[19]

Appellate courts have supervisory powers that permit, at the least, the

promulgation of procedural rules governing the management of litigation.

"Indeed, **this Court has acknowledged the power of the courts of appeals to mandate "<u>procedures deemed desirable from the viewpoint of sound judicial practice</u> although in nowise commanded by statute or by the Constitution."** *Cupp* v. *Naughten,* 414 U. S. 141, 146 (1973); see also *Barker* v. *Wingo,* 407 U. S. 514, 530, n. 29 (1972). **Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal.** Cf. *Link* v. *Wabash R. Co.,* 370 U. S. 626 (1962) (recognizing "inherent power" of court to dismiss case for want of prosecution)."[20]

When the appellate court exercises that power, by proscribing procedure(s)

for addressing the requested appeal, **on the merits**, it effectively GRANTS

leave to appeal[21] and appellate jurisdiction attaches to the appeal.[22]

---

[18] *In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).*

[19] *Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).*

[20] *Thomas v. Arn, 474 US 140, 146-7 (1985)*

[21] *Matter of Forty-Eight Insulations, Inc., 115 F. 3d 1294, 1299 (7th Cir 1997)(***This argument rests on a procedural foot fault that our circuit has held should not defeat jurisdiction where the <u>district court asserts its jurisdiction by directing proceedings</u> even in the absence of a formal grant of leave to appeal...the district court <u>"effectively gave leave"</u> by exercising its jurisdiction over motions practice in the appeal**);

[22] *In re Jartran, Inc., 886 F. 2d 859, 865 (7th Cir 1989)(* **Although the district court did not formally grant leave in the interlocutory appeal, <u>it</u>**

On June 30, 2015, the originally assigned District Court entered its Scheduling/Briefing Order directing that the merits of the appeal be briefed. DC RE 6. It specifically stated it would **review those briefs and give notice of oral argument *IF* it deemed such argument necessary**. The Court clearly communicated its GRANT of leave to appeal, and, its intent to address the merits. Appellate jurisdiction therefore attached. Appellants relied upon and fully complied with that order. Appellee did not.  As the Supreme Court stated in *Thomas v. Arn*, [above] failure to comply with the scheduling order in this case gave grounds for a ruling ***against Appellee***, not against Appellant.[23]

---

**effectively exercised jurisdiction in the case... we conclude that the district court in this case** <u>**effectively gave leave for an interlocutory appeal**</u> **from the bankruptcy court);** *See also Chicago Assoc. of Commerce and Indus. v. E.P.A., 873 F.2d 1025, 1031 n. 11 (7th Cir.1989)* (**"`unless we are to become a citadel of technicality,' ... proliferating unnecessary and duplicative paperwork, we will not rest jurisdiction on variations of this kind"**) (quoting *Line R.R. Co. v. Escanaba & Lake Superior R.R. Co., 840 F.2d 546, 549 (7th Cir.1988)).*

[23] This Court **"adheres to the admonition that dismissal of an appeal is NOT justified absent a showing of bad faith, negligence, or indifference."** *Arnold v. G.E. Capital Auto Lease, Inc., 63 F. App'x 188, 189 (6th Cir. 2003) (quotation marks and citation omitted); Mitan v. Buscemi's Int'l, Inc. (In re Buscemi's Int'l, Inc.), 64 F. App'x 910, 911 (6th Cir. 2003) (citing Third Nat'l Bank v. Winner Corp. (In re Winner Corp.), 632 F.2d 658, 660-61 (6th Cir. 1980)).*

> **"This power [to dismiss], however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, ... the court, in order to avoid injustice, may, on a proper suggestion or**

## C. THE NEWLY ASSIGNED DISTRICT JUDGE HAD NO JURISDICTION TO REVISIT/RECONSIDER THE JUNE 30, 2015 ORDER AND, THEREFORE, THE AUGUST 28, 2015 ORDER IS VOID.

This Court made clear, in *IN RE BLI FARMS, PARTNERSHIP, n 17 supra,* the *exclusive* avenue for reconsideration in a bankruptcy appeal is Fed. R. Bank. 8015 [now 8022]. FRCP 54(b), 59 and 60 do not apply when the district court sits as an appellate tribunal in a bankruptcy appeal. The only valid way to reconsider an existing District Court order [on appeal] is ***by a motion under Bankruptcy Rule 8015,*** or, by filing a timely notice of appeal to this Court under *28 U.S.C. § 158(d)(1).*

> "**This matter comes before the Court on an attempted appeal from the denial of a Federal Rule Civil Procedure Rule 60(b) motion taken from a district court sitting as an appellate court in bankruptcy. <u>We conclude that the motion was a nullity and that therefore the district court had no jurisdiction to consider it. We conclude that the district court lacked jurisdiction to entertain the Rule 60(b) motion because such a motion is a nullity when it seeks review of the order of a district court sitting as an appellate court in bankruptcy proceedings.</u>**"

Rule 8015 [now 8022] requires a motion be filed; the District Court [on appeal] has no jurisdiction to act sua sponte. Any such motion must be

---

> **on its motion, direct that the omission be corrected by a supplemental transcript... In re Winner Corp., 632 F. 2d 658 (6th Cir 1980)(citing Drybrough v. Ware, 111 F.2d 548, 550 (6th Cir.1940))"**

Having been properly served at all points, this standard is satisfied **ONLY** as to Appellee.

filed within 14 days. No such motion was filed in this case; certainly not by July 14, 2015. By August 5, 2015 – when this case was reassigned; and, certainly by August 28, 2015 – when the newly assigned District Judge entered DE 11, no jurisdiction existed to reconsider the June 30, 2015 Order. Therefore, the August 28, 2015 Order, DE 11, purporting to "*DENY LEAVE TO APPEAL*", already GRANTED three (3) months before, is void as a "nullity".

### D. THE DISTRICT COURT FAILED TO FOLLOW ITS OWN LOCAL RULE, THEREBY DENYING APPELLANTS DUE PROCESS.

ED MI LR 41.2 governs procedure(s) to be followed by the District Court when "**involuntarily dismissing**" a pending matter before it. The local rule provides:

> "Subject to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, **on its own motion after reasonable notice** or **on application of a party**, enter an order dismissing or remanding the case **unless good cause is shown**. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute."

On August 28, 2015, the newly assigned District Judge sua sponte "**involuntarily dismissed**" this appeal, **AFTER** appellate jurisdiction had attached. As stated above, No. C, it had no jurisdiction to do so.

Nevertheless, the District Judge was required, under LR 41.2, to give

reasonable notice of its intention; and, afford Appellants the opportunity to show cause. **NONE** of this was done.

A long line of US Supreme Court decisions hold that the government, including the courts and government agencies, must follow their own rules and may not **violate rules** which protect the interests of the protesting party. This is true of both procedural and substantive rules.[24] Failure to do so clearly violates the protesting party's due process rights.

III.   SUMMARY JUDGMENT REVOKING GENTRY'S DISCHARGE SHOULD HAVE BEEN GRANTED, BY THE BANKRUPTCY COURT, **AS A MATTER OF LAW**, WHERE GENTRY ADMITTED, ON THE RECORD IN OPEN COURT

---

[24] *United States ex rel. Accardi* v. *Shaughnessy, 347 U. S. 260 (1954)* (**Government bound by its own regulations**); *Service* v. *Dulles, 354 U. S. 363, 388 (1957); Vitarelli* v. *Seaton, 359 U. S. 535, 539-540 (1959);* (**Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.**); *Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974)* ("**Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.**"); *Black v. Romano, 471 US 606, 621-22 (1985)*(**Thus, while the State can define the rules of punishment initially, choosing probation or imprisonment, the State cannot change the rules in the middle of the game.**); *Wilson v. Commissioner of Social Sec., 378 F. 3d 541 (6th Cir 2004)(* **reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like Wilson.**); *Rabbers v. Commissioner Social Sec. Admin., 582 F. 3d 647( 6th Cir 2009)* ("**The reviewing court shall ... hold unlawful and set aside agency action ... found to be ... without observance of procedure required by law.**" citing Wilson);

\* **ACTS OF FEDERAL BANKRUPTCY FRAUD**, BY
HERSELF AND HER ACCOMPLICE WYMAN

\* **FRAUDULENT INTENT** TO DEFRAUD THE
BANKRUPTCY ESTATE BY CONVERTING "PROFIT" ON
ESTATE ASSETS FROM THE TRUSTEE/ESTATE TO
HERSELF AND HER ACCOMPLICE WYMAN

\* GENTRY **FAILED TO CONTEST HER RECORD
ADMISSIONS,** OR, **SUBMIT ANY EVIDENCE** OF A
GENUINE DISPUTE OF MATERIAL FACT FOR TRIAL,
AS REQUIRED BY FRCP 56(c).

### A. STANDARD OF REVIEW:

#### 1. ON APPEAL:

This court reviews a denial of summary judgment *de novo.*[25] The

court decides issues of law independently of, and without deference to, the

Bankruptcy Court's determinations.[26]

#### 2. SUMMARY JUDGMENT STANDARD:

---

[25] *Phelps v. Coy 286 F.3d 295, 298 (6th Cir.2002)* **("denial of summary
judgment can be appealed immediately, but only if the appeal presents a
`neat abstract [issue] of law' rather than the question of whether the
record demonstrates a genuine issue of fact for trial);** *Marvin v. City of
Taylor, 509 F. 3d 234 (6th Cir 2007)* **("Where ... the legal issues are
discrete from the factual disputes, we may exercise our jurisdiction to
resolve the legal issues only"** citing *Phelps, 286 F.3d at 298.*);*Discount
Tobacco City & Lottery, Inc. v. US, 674 F. 3d 509 (6th Cir 2012); United
Steelworkers v. Cooper Tire & Rubber Co., 474 F.3d 271, 277 (**6th Cir**.
2007); McMullen v. Meijer, Inc., 355 F.3d 485, 489 (**6th Cir**. 2004).*
[26] *Drown v. Nat'l City Bank (In re Ingersoll), 420 B.R. 414, 415 (**6th Cir**.
BAP 2009); Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d
1304, 1310 (**6th Cir**.1989) (**on review of grant or denial of summary
judgment, reviewing court's role is identical to that of trial court**).*

FRCP 56 applies to adversary proceedings in bankruptcy matters.[27]

Summary judgment is proper where "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a

matter of law." [28]

### a. Movant's burden:

The moving party bears the initial burden of identifying those parts of

the record which demonstrate the absence of any genuine issue of material

fact.[29]  Where a reasonable jury could not find for the nonmoving party,

there is no genuine issue of material fact for trial.[30]  In making this

evaluation, the court must examine the evidence and draw all reasonable

inferences in favor of the non-moving party.[31]  The central issue is whether

the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of

law.[32]

---

[27] *Fed. R. Bankr.P. 7056.*

[28] *White v. Baxter Healthcare Corp., 533 F.3d 381, 389 (6th Cir. 2008).*
[29] *Id. at 389-90 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986));
Morrison v. Board of Trustees of Green Township, 583 F. 3d 394 (6th Cir
2009).*
[30] *Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).*
[31] *Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984).*
[32] *Binay v. Bettendorf, 601 F.3d 640, 646 (6th Cir. 2010) (quoting In re
Calumet Farm, Inc., 398 F.3d 555, 558 (6th Cir. 2005).*

b.  Non-movant's burden:

The nonmoving party may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth *specific facts* showing that there is a genuine issue for trial. [33] The non-moving party's failure to make a showing **that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial**, will <u>mandate</u> the entry of summary judgment.[34]  **"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial**."[35]  The non –movant's response, by affidavits or otherwise, <u>must</u> set forth specific facts demonstrating the existence of a genuine issue for trial.[36] The rule requires the non-moving party to introduce evidence, **of evidentiary quality**, demonstrating the existence of a *genuine* dispute of *material* fact.[37] The party asserting that a fact is genuinely

---

[33] *First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968);Moldowan v. City of Warren, 578 F.3d 351, 374 (**6th Cir**. 2009); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (**6th Cir**. 2000).*
[34] *Celotex, 477 U.S. at 322-23.*
[35] *Id. at 324.*
[36] *Fed. R. Civ. P. 56(c)(1);InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111(**6th Cir**.1989)(***the Court is not required to "speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."*)
[37] *Bailey v. Floyd County Bd. of Educ., 106 F.3d 135, 145 (**6th Cir**. 1997).*

disputed **must** support the assertion by citing to particular parts of materials in the record.[38] *FRCP 56(c)(1)(A)* identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment.[39] Failure to present evidence to counter a well-supported motion for summary judgment – alone - is grounds for granting the motion.[40]

### 3. SEC. 727 STANDARD TO REVOKE DISCHARGE:

*11 USC 727(a)* provides that a debtor is entitled to a discharge in bankruptcy, **unless** one or more of eight statutory conditions is met. Section 727(d)(2) provides:

> **"On request of the trustee, <u>a creditor,</u> or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if**
>
> **(2) the debtor *acquired property that is property of the estate*, or *became entitled to acquire property that would be property of the estate*, and knowingly and fraudulently failed to report the *acquisition of or entitlement to such property*, or to *deliver or surrender such property* to the trustee;**

---

[38] *Fed. R. Civ. P. 56(c)(1)(A).*

[39] *Alexander v. CareSource, 576 F.3d 551, 558 (**6th Cir**. 2009) (quoting Everson v. Leis, 556 F.3d 484, 496 (**6th Cir**. 2009)*

[40] *Celotex, 477 U.S. at 323-34(*"**One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.**")

Exceptions to discharge, under § 727(d), are construed strictly against the creditor and liberally in favor of the debtor. [41] "A discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Id.*

### B. GENTRY'S ADMISSIONS:

Any "deliberate, clear and unequivocal" statement, written or oral, made in the course of judicial proceedings qualifies as a judicial admission.[42] A judicial admission is binding upon the party making it; **cannot be controverted on a motion for summary judgment,** at trial, or, on appeal; and, has the effect of withdrawing a fact from contention.[43] Admissions in

---

[41] *Miller v. Miller (In re Miller), 246 B.R. 559, 563 (Bankr.E.D.Tenn.2000); In re Juzwiak, 89 F.3d 424, 427 (7th Cir.1996).*

[42] *Ensign v. Pennsylvania, 227 U.S. 592, 33 S.Ct. 321, 57 L.Ed. 658 (1913); United States v. Cravero, 530 F.2d 666 (5th Cir. 1976)* (**defense counsel's statements made at the bench constituted judicial admissions**); *In re Lefkas Gen. Partners, 153 B.R. 804, 807 (N.D. Ill. 1993) (citations omitted); see McCaskill v. SCI Mgmt. Corp., 298 F.3d 677, 680 (7th Cir. 2002)* (**holding that a verbal admission by defense counsel at oral argument was a binding judicial admission, "the same as any other formal concession made during the course of proceedings"**).

[43] *Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995); United States v. Burns, 109 F. App'x 52, 58 (6th Cir. 2004)* (**holding that statements made in a brief may be deemed judicial admissions so long as the statement is deliberate, clear and unambiguous**); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Arioli, 941 F. Supp. 646, 655 (E.D. Mich. 1996)* (**holding that representations of counsel that are adverse to client are treated as admissions so long as the representations are not inadvertent**); *American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988)* ("**Factual assertions in pleadings and pretrial orders,**

one matter can serve as admissions in another matter.[44] Statements made by

an attorney concerning a matter within his employment bind the party

retaining the attorney."[45] An admission in an opening statement by an

attorney is admissible against his client.[46] In this case, because the client is

also an "agent", the statements are also binding against the agent's principal

[WYMAN].

    GENTRY, on behalf of herself and her coconspirator WYMAN,

admitted, in open court, to completing a fraudulent course of conduct

resulting in: (a) fraud on the Bankruptcy Court; (b) fraud and conversion on

the Bankrupt Estate and its creditors; and, (c) breach of fiduciary duty.

---

**unless amended, are considered judicial admissions conclusively binding
on the party who made them.**"); 10A C. Wright, A. Miller & M. Kane,
*Federal Practice and Procedure 2722m pp. 375-376 (1998)* ("**Rule 56(c)
permits the court to consider any `admissions on file.' The quoted words
make it clear that the admissions need not be pursuant to Rule 36; they
may have. . . occurred during the oral argument on the motion. . . .**");
*See, also, under MICHIGAN LAW, Connor* v. *Lake Shore & M.S.R. Co. 168
Mich 29 (1911);  Leadon* v. *Detroit Lumber Company 340 Mich 74 (1954);
Tozer v. Kerr 342 Mich 136 (1955).*
[44] *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (Ky. 2000);
*Williams v. Union Carbide Corp.*, *790 F.2d 552, 556 (6th Cir. 1996); Dixie
Sand & Gravel Corp. v. Holland, 255 F.2d 304, 310 (6th Cir. 1958); see
also* **CJS Evidence § 476 ("a positive statement of an evidentiary fact
made by a party in a pleading in another case may be sufficient to
establish a fact as undisputed on a motion for summary judgment.**").
[45] *Williams v. Union Carbide Corp., 790 F. 2d 552(6th Cir 1986); United
States v. Margiotta, 662 F.2d 131, 142 (2nd Cir.1981), cert. denied, 461
U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).*
[46] *United States v. McKeon, 738 F.2d 26 (2nd Cir.1984).*

WYMAN denominated GENTRY both the managing agent of WYMAN and his businesses; and, WYMAN'S buyer's agent on the Hughes Rd. transaction, in writing. Settled law, federal and Michigan, holds a principal equally liable, with the agent, for fraud and other acts, torts and misconduct committed by the agent.[47] A principal is responsible for any action or inaction by the **agent**.[48] The agency relation ***charges each conspirator with declarations and admissions of other co-conspirators***.[49] Where several persons are engaged in one common unlawful enterprise, whatever is said or done - by any one of them in the prosecution of the common enterprise - binds all.[50] Liberal construction, under Section 727(d),  avails neither GENTRY nor WYMAN of anything. GENTRY admitted she and WYMAN violated Section 727(d)(2), with the specific intent to defraud her Trustee/Bankruptcy Estate.

## 1. FRAUDULENT TRANSFER OF ASSETS IS "ACTUAL FRAUD".

[47] *Am. Soc. Of Mech. Eng., Inc. v. Hydrolevel Corp., 466 US 556, 566-67 (1982)*

[48] *Levitt v. Kacy Mfg. Co., 142 Mich.App. 603, 609, 370 N.W.2d 4 (1985).*
[49] *Lutwak v United States, 344 US 604; 73 S Ct 481; 97 L Ed 593 (1953), reh den 345 US 919; 73 S Ct 726; 97 L Ed 1352 (1953); Amco Builders & Developers, Inc. v. Team Ace Joint Venture, 666 NW 2d 623 (Mich: Supreme Ct. 2003)*(**a client is bound by an attorney's actions and inactions as long as the attorney's conduct was within the scope of the attorney's authority**.)
[50] *People v Pitcher, 15 Mich 397, 403-404 (1867); People v. Stewart, 397 Mich. 1, 242 NW 2d 760 (1976).*

A "fraudulent conveyance" scheme constitutes **"actual fraud"**. [51] No false

representation from a debtor to a creditor is required. Both the transferor and the

transferee commit actual fraud. The fraud lies in the acts of **concealment and**

**hindrance.** *Id.*

> "It is of course true that the transferor does not "obtai[n]" debts in a
> fraudulent conveyance. But the recipient of the transfer — who, with
> the requisite intent, also commits fraud — can "obtai[n]" assets "by"
> his or her participation in the fraud. See, *e.g., McClellan* v. *Cantrell,*
> 217 F. 3d 890 (CA7 2000); see also *supra,* at 6. If that recipient later
> files for bankruptcy, any debts "traceable to" the fraudulent
> conveyance, see *Field,* 516 U. S., at 61; *post,* at 3, will be
> nondischargable under § 523(a)(2)(A)."[52]

## 2. FRAUD ON THE BANKRUPTCY COURT:

Misconduct, **fraud on the court**, and misrepresentation can result

from concealment of material facts to procure a judgment or order.[53] [A]

representation **can be action or conduct** and can be actionable . . . if that

action or conduct is intended to create a misimpression.[54] **[A] fraud is**

**perpetrated on the court when some material fact is concealed from the**

**court or some material misrepresentation is made to the court.** [55]

---

[51] *Husky Int. Elec. Inc. v. Ritz, __ US __; 136 S. Ct. 1581 (2016).*
[52] *Id, at 9.*
[53] *Williams v Williams, 214 Mich App 391, 400; 542 NW2d 892 (1995).*
[54] *M&D, Inc v W.B. McConkey, 231 Mich App 22, 33-34; 585 NW2d 33 (1998).*
[55] *Tingley v. WARDROP II, 266 Mich. App. 233, 731 NW 2d 427 (2005);Matley v. Matley (On Remand),* 242 Mich.App. 100, 101, 617 437 N.W.2d 718 (2000); *Valentino v. Oakland Co. Sheriff, 134 Mich.App. 197, 207, 351 N.W.2d 271 (1984), affd. in part and rev'd in part 424 Mich. 310,*

### 3. FRAUD ON BANKRUPTCY ESTATE; EQUITABLE FORFIETURE:

The many duties of a Chapter 7 debtor are set forth in *11 U.S.C. §
521*. *§521(a)(3)* also sets forth a general open-ended duty of the Debtor to
**"cooperate with the trustee as necessary to enable the trustee to perform
the trustee's duties under this title**." This includes cooperating with the
trustee in fulfilling the trustee's duty, under § 704(a)(1), to **"collect and
reduce to money the property of the estate for which such trustee serves,
and close such estate as expeditiously as is compatible with the best
interests of parties in interest....**"[56] Such cooperation includes actions
necessary to locating and disposing of property of the estate.[57] The Debtor is
therefore under a duty to disclose information that would assist the Trustee
in his efforts to recover assets of the estate in preference and fraudulent
conveyance actions."[58] GENTRY, and her attorney had a fiduciary duty [59] to
act in the best interest of the Bankruptcy Estate.[60]

---

*381 N.W.2d 397 (1986); MacArthur v. Miltich, 110 Mich.App. 389, 391, 313
N.W.2d 297 (1981).*

[56] *See Toffel v. Silmon (In re Silmon), 06-00176-BGC, 2007 WL. 2712083, at
*6 (Bankr.N.D.Ala. Sept. 14, 2007).*

[57] *4 Collier on Bankruptcy § 521.01 (Alan N. Resnick & Henry J. Sommer et
al. eds., 15th ed. Rev.2008).*

[58] *Pereira v. Allboro Bldg. Maint., Inc. (In re Allboro Waterproofing Corp.),
224 B.R. 286, 292 (Bankr.E.D.N.Y.1998). Paloian v. Greenfield (In re Rest.
Dev. Grp., Inc.), 402 B.R. 282, 287 (Bankr.N.D.Ill.2009); In re Lennys Copy
Center & More LLC, 515 BR 562 (ED MI 2014).*

Whether a particular cause of action is available to the debtor's estate is determined by state law.[61] Under Michigan law, **when a fiduciary duty exists, the fiduciary has a duty *to act for the benefit of the principal*** regarding matters in the scope of the relationship.[62] *A* fiduciary is held to the utmost fairness and honesty in dealing with the party to whom it stands in a fiduciary relationship.[63] "[A] fiduciary **shall not** personally derive **any profit** from the purchase, sale, *or transfer of any property of the estate*." The fiduciary must act in the best interest of the estate and the interested parties." [64] Under common law agency principles, a fiduciary owes a duty of good faith to its principal and is not permitted to act for itself, at the principal's expense, during the course of the agency. [65] The fiduciary owes his principal duties of ***good faith, loyalty*** and ***fair dealing***; and, ***must avoid self-dealing.*** Once a fiduciary relationship exists, and, the fiduciary benefits

---

[59] **Michigan common law principles of principal and agent and consequent "fiduciary duty" supplement the MUFCA.** *MCL 566.40.*

[60] *Paloian at 287; Pereira at 292; Lennys at 565.*

[61] *In re RCS Engineered Products Co., Inc., 102 F.3d 223 ( 6th Cir 1996) at 225 (citing Butner v. United States, 440 U.S. 48 (1979) ).*

[62] *Teadt, supra, at 581; Prentis Fain. Found. v. Karmanos Cancer Inst., 266 Mich App 39 (2005).*

[63] *Horwath v. Langell, 276 Mich 381 (1936).*

[64] *McTaggart v. Lindsey, 202 Mich.App. 612, 509 N.W.2d 881, 884 (1993)(citing Steinway v. Bolden, 185 Mich.App. 234, 460 N.W.2d 306 (1990)).*

[65] *Cent. Cart. v. Fewless, 232 Mich App 517 (1988) at 524; Prod. Fin. Corp. v. Shields, 158 Mich App 479 (1987) at 486-87; In re Runco, 463 Mich 517 (2001) at 523.*

therefrom, **the law recognizes a presumption that the fiduciary exercised his influence unduly.**[66]

Breach of fiduciary and agency duties to a principal, and, self-dealing by the fiduciary/agent, at the expense of the principal, *require the agent/fiduciary disgorge ALL profits, revenues and benefits earned from the relationship.*[67] Michigan also recognizes liability on the part of third parties [WYMAN] for **"aiding and abetting a breach of fiduciary duty".** Where a person in a fiduciary relation to another violates his duty as fiduciary, a third person who participates in the violation of duty is liable for aiding and abetting the breach. [68]

> **"Michigan law does provide for a cause of action for aiding and abetting the breach of a fiduciary duty. Our Supreme Court has stated that a person who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise."**[69]

---

[66] *William v. Griffin, 35 Mich App 179 (1971).*

[67] *A. Gray Jenson Farms Co. v. Cargill, Inc., 309 NW2d 285 (1981); RESTATEMENT AGENCY (SECOND) Sec. 140; Heritage Bank & Trust Co. v. Abnor, 906 F.2d 292 (7th Cir 1990).*

[68] *LA Young Spring & Wire Corp v Falls, 307 Mich 69, 106;11 NW2d 329 (1943)*

[69] *Echelon Homes, LLC v Carter Lumber Co, 261 Mich App 424, 445; 683 NW2d 171 (2004), rev'd in part on other grounds 472 Mich 192 (2005) (citations and quotations omitted). See also Carson Fischer, PLC v Std Fed Bank, unpublished opinion per curiam of the Court of Appeals, issued February 8, 2005 (Docket No. 248125) rev'd in part on other grounds 475 Mich 851; 713 NW2d 265 (2006).*

GENTRY, as a Debtor, had a clearly established fiduciary duty to act in the best interests of her bankrupt estate; to assist her appointed trustee; to disclose information to assist in recovering assets preferentially and fraudulently transferred; and, to act in the best interest of the estate and its creditors to maximize the value of the bankrupt estate. She breached that duty by: (1) committing "fraud on the court"; and, (2) through that fraud, converting property and profit of the estate to her own use and benefit, at the expense of creditors, through self-dealing. She was "aided and abetted" in this self-dealing by WYMAN, who then transferred the Hughes Rd. property to GENTRY'S alter ego corporation(s).

A debtor may bid at a bankruptcy sale of estate property[70], *with full disclosure*. Doing so becomes "fraud", however:

> **ON CREDITORS**, when the debtor does not disclose using a nominee.[71]

> **ON THE COURT**, when:

> (i)    The purchase offer submitted for court approval does not disclose the purchaser is a nominee acting for the debtor.

> (ii)   The purchase offer submitted for court approval represents there is a deposit that does not exist.

---

[70] *In re MET-L-WOOD, Corp, 861 F.2d 1012, 1019 (7th Cir 1988).*
[71] *Id*

      (iii)   The debtor has, previously, represented in sworn schedules that the wholly owned and controlled corporation supplying the funds has a value of "0".

      (iv)   The debtor fails to amend her schedules to reflect the acquisition [re-acquisition] of an equitable interest in the property purchased by the nominee.

GENTRY disclosed **NONE** of this information to the Bankruptcy Trustee or to the Bankruptcy Court. Instead, by her own admission, she and WYMAN carried out a scheme to convert real property of the Bankrupt Estate to "**make money**" for themselves.

When a debtor purchases property from his own estate, through a nominee, the debtor and debtor's estate retain, as a matter of law, an "**equitable interest**" in the property acquired by the nominee.[72] This applies equally when that interest in property is held/transferred to the debtor's wholly owned and controlled corporation.[73] There can be no dispute that

---

[72] *In re Steffen, 464 BR 450 (2012); In re Gurley, 357 B.R. 868, 872 (Bankr.M.D.Fla.2006) (citing unpublished Eleventh Circuit Court of Appeals decision, Gurley v. Mills, No. 99-13416, slip op. at 2-4 (11th Cir.2000)*, (**affirming bankruptcy court's ruling that the debtor retained an equitable interest in property in the hands of the debtor's nominee (his wife***)).*

[73] *Hunter v. Ferris (In re Ferris), 30 B.R. 746, 748, 761-2 (Bankr.N.D.Ohio 1983).* ("**The debtors are the ones who sought the protection of this Court, and by that action, they also must submit themselves to the rules of the Court. The Bankruptcy Code delineates the rights and duties of the trustees and debtors. Those rules were written for the express purpose of facilitating the complete and orderly administration of the Bankruptcy estates. If the parties do not comply with the rules, that**

GENTRY and WYMAN concealed the operative facts, from the Trustee, and, from the Bankruptcy Court, to obtain court approval of the sale to WYMAN; and, that GENTRY – despite her familiarity with the requirement to amend - did not amend her Schedules to disclose the re-conveyance of the Hughes Rd. property back to her controlled corporation, post-sale. Gentry unquestionably violated Section *727(d)(2),* and Appellants are entitled to Judgment, as a matter of law, revoking her discharge.

### C. FRCP 56(c).

The purpose of summary judgment is to **"pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."** [74] The court has one task and one task only: to decide, **based on the evidence of record**, whether there is any *genuine* material dispute of fact that requires a trial.

Neither the moving party nor the responding party may simply rest on allegations; **those allegations <u>must be supported</u> by significant probative**

---

**purpose is frustrated.)** *(*failure to list asset/transactions with controlled corporation is consistent with intent to defraud the Trustee ... debtor has a duty to deliver to the Trustee, as estate property, any interest debtor holds in controlled corporation*)*.
[74] *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).*



evidence.[75] A party opposing summary judgment may not rely on the

allegations of the complaint. Rather:

> [T]he adverse party's response, by affidavits or **as otherwise provided in this rule, <u>must</u> set forth specific facts showing that there is a <u>genuine</u> issue for trial.** If the adverse party does not so respond, summary judgment, if appropriate, **shall be entered against the adverse party.**[76]

---

[75] *Scott v. Harris, 550 US 372, 127 S. Ct. 1769, 1776 (2007)(***At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party <u>only if</u> there is a "genuine" dispute as to those facts…"[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no `genuine issue for trial…. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'***"); *Coble v. City of White House, Tenn., 634 F.3d 865, 868-69 (6th Cir. 2011)(***The *Scott* opinion does not focus on the characteristics of a videotape, but on "the record."… courts routinely look to *Scott* for guidance in determining whether the non-moving party's version of the events is so blatantly contradicted by objective evidence in the record that it fails to create a <u>genuine issue of material fact for trial,</u> even in the absence of a videotape.);** M*atsushita Electric Industrial Co. v Zenith Radio Corp., 475 US 574, 586 (1986)*(when the moving party has met its burden, non-moving party **must do more than show some "metaphysical doubt"** as to material facts). Instead, **the parties <u>must identify the evidence</u>** that will facilitate the court's assessment.); *First National Bank of Arizona v Cities Services Co., 391 US 253, 290 (1968).*

[76] *Celotex Corp. v Catrett, 477 US 317, 323 (1986).*

If the undisputed facts indicate that no reasonable jury could find for the party opposing the motion, **then summary judgment <u>must</u> be granted**.[77]

**IN ADDITION TO** her express record admissions, GENTRY's Response to Appellants' motion presented NO evidence whatsoever to create/identify a *genuine* dispute of *material* fact. BC RE 38,42. Summary Judgment should have been granted by the Bankruptcy Court, as a matter of law.

## CONCLUSION AND RELIEF REQUESTED:

The District Court's Order "*DENYING LEAVE TO APPEAL*" entered three (3) months **AFTER** leave to appeal had already been **GRANTED** and the appeal fully briefed was entered without jurisdiction and invalid. Appellants respectfully request this Court declare the August 28, 2015 Order void.

GENTRY'S admissions in open court are binding on her and WYMAN. No *genuine* issues of *material* fact remained in dispute, and,

---

[77] *Hedberg v Indiana Bell Telephone Co., 47 F3d 928, 931 (7th Cir 1995)(citing Anderson, 477 US at 248.); Shreve v. Jessamine Cnty. Fiscal Ct., 453 F.3d 681, 688 (6th Cir. 2006)* (**suggesting, before *Scott* was decided, that it would be proper to discount the plaintiff's evidence where the defendants' evidence was "so objectively compelling" that no reasonable juror could believe the plaintiff**). *Carter v. City of Wyoming, 294 F. App'x 990, 992 (6th Cir. 2008)* (**holding that MRI evidence did not "blatantly contradict" the plaintiff's claim**)

GENTRY failed to meet her burden, under FRCP 56(c), to produce ANY

evidence [admissible or otherwise] to create a factual dispute. Appellants are

entitled to Judgment on Count I, as a matter of law. Appellants respectfully

request this Court **REVERSE** the Bankruptcy Court's Order Denying

Summary Judgment, and, enter its Order **REVOKING** GENTRY'S

Discharge, under *11 USC 727(d)(2).*

## CERTIFICATION:

**I hereby certify that the foregoing brief complies with the type-volume limitation provided in FRAP 32(a)(7)(c) and contains 6599 words of Time New Roman (14 point) proportional type prepared with Microsoft Word for Windows 7 Professional Edition.**

## PROOF OF SERVICE

Undersigned counsel for Appellants hereby certifies that on June 16,

2016, the foregoing papers were filed with the Clerk of the SIXTH

CIRCUIT COURT OF APPEALS using the ECF system, and, a copy was

served by US Mail on pro per Appellee DIANA KAYE GENTRY.

Respectfully Submitted,

TINDALL LAW

BY: /S/ MICHAEL E. TINDALL_
MICHAEL E. TINDALL  P29090
For the Firm

Dated: 6/16/16

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| RE | PAGE ID # RANGE | DESCRIPTION |
| --- | --- | --- |
| DC21 | PP 48; LL 14-25; 49 LL 1-8 | TRANSCRIPT 2/10/15 |
| | P 63, LL 12-21 | TRANSCRIPT 2/10/15 |
| DC 22 | ALL | TRANSCRIPT 4/8/15 |
| DC 6 | ALL | ORDER 6/3/15 |
| DC 7 | ALL | DC BRIEF ON APPEAL |
| DC 10 | ALL | ORDER 8/5/5 |
| DC 11 | ALL | ORDER 8/28/15 |
| DC 12 | ALL | MO RECONSIDER |
| DC 13 | ALL | ORDER 3/28/15 |
| BC 1-3 | P 2 | COMP. EX 2 |
| BC 1-4 | PP 2-4 | COMP EX. 3 |
| BC 1-5 | P2 | COMP EX 4 |
| BC 28 | ALL | AMENDMENT SOFA |
| BC 38 | ALL | RESPONSE TO MO SJ |
| BC 42 | ALL | GENTRY AFFIDAVIT |